1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    JERRY DUNSON, et al.,                          Case No.  16-cv-03076-EMC

8            Plaintiffs,                            **AND RELATED CASES**

9        v.                                         Case No.  16-cv-03080-EMC

10   CORDIS CORPORATION, et al.,                     Case No.  16-cv-03082-EMC
                                                     Case No.  16-cv-03083-EMC
11           Defendants.                             Case No.  16-cv-03085-EMC
                                                     Case No.  16-cv-03086-EMC
12                                                   Case No.  16-cv-03087-EMC
                                                     Case No.  16-cv-03088-EMC
13                                                   Case No.  16-cv-04012-EMC
                                                     Case No.  16-cv-04409-EMC
14                                                   Case No.  16-cv-04608-EMC
15                                                   Case No.  16-cv-04819-EMC
                                                     Case No.  16-cv-05055-EMC
16                                                   Case No.  16-cv-05199-EMC
                                                     Case No.  16-cv-05455-EMC
17                                                   Case No.  16-cv-05934-EMC

18

19                                                   **ORDER DENYING DEFENDANT'S
                                                     MOTION TO STAY**

20

21           For the reasons stated on the record during the October 27, 2016 hearing, the Court

22   **DENIES** Defendant Cordis Corporation's motion to stay these proceedings pending appeal of the

23   Court's prior Order remanding these related cases to state court for lack of subject matter

24   jurisdiction.  This order is intended to memorialize and supplement that ruling.

25           Supreme Court case law has "distilled" the legal principles that guide courts' discretion in

26   issuing stays "into consideration of four factors: '(1) whether the stay applicant has made a strong

27   showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably

28   injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

**United States District Court**
For the Northern District of California

1   interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S.

2   418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors

3   of the traditional standard are the most critical." *Id.*

4         In applying these factors, the Ninth Circuit employs a "sliding scale" approach whereby

5   "the elements of the . . . test are balanced, so that a stronger showing of one element may offset a

6   weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th

7   Cir. 2011); *see also Leiva-Perez v. Holder*, 640 F.3d 962, 964-66 (9th Cir. 2011) (noting that the

8   sliding scale test for preliminary injunctions described in *Alliance for the Wild Rockies* is the

9   "essentially the same" as the test used in the stay context, and holding that this approach "remains

10  in place" following the Supreme Court's decision in *Nken*). In other words, "the required degree

11  of irreparable harm increases as the probability of success decreases." *Nat. Res. Def. Council, Inc.*

12  *v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007).

13        As an initial matter, the Court notes that Cordis misstates the applicable test. Cordis

14  argues that it is required to show *either* "a probability of success on the merits and the possibility

15  of irreparable injury" *or* "that serious legal questions are raised and that the balance of hardships

16  tips sharply in its favor." Docket No. 63 ("Reply") at 6 (quoting *Golden Gate Rest. Ass'n v. City*

17  *& Cty. of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008)). In fact, the *Golden Gate* test

18  upon which Cordis relies is no longer good law. As the Ninth Circuit has since explained, the

19  Supreme Court's decision in *Nken* overruled prior Ninth Circuit law "that permitted a stay to issue

20  upon the petitioner 'simply showing some *possibility* of irreparable injury.'" *Leiva-Perez v.*

21  *Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (quoting *Nken*, 556 U.S. at 434) (emphasis added in

22  *Leiva-Perez*). Thus, while the sliding scale approach remains applicable (such that the robustness

23  of the showing on the merits varies with how sharply the balance of hardship tips), "to obtain a

24  stay . . . [a movant] must [in any event] demonstrate that irreparable harm is probable if the stay is

25  not granted."[1] *Id.*

26   

27  [1] Both *Leiva-Perez* and *Nken* arose in the context of noncitizens seeking stays of removal orders
    pending appeal. Accordingly, the decisions at times refer to the burden on "an alien" to obtain a

28  "stay of removal." Both cases make clear, however, that the standards they set out apply to the
    issuance of stays pending appeal generally, not just in the immigration context.

**United States District Court**
For the Northern District of California

A.        Likelihood of Success on the Merits

Cordis asserts that under *Leiva-Perez*, "all that must be shown to justify a stay is a 'fair prospect' of success, 'a substantial case on the merits,' or that 'serious legal questions are raised." Reply at 4 (quoting *Leiva-Perez*, 640 F.3d at 966-68). That is not entirely accurate, as it does not take into account the sliding scale balancing with the irreparable harm prong. In fact, the language that Cordis quotes represents *Leiva-Perez*'s articulation of "the *minimum* quantum of likely success necessary to justify a stay." *Leiva-Perez*, 640 F.3d at 967 (emphasis added). In other words, to justify a stay on a showing merely of a "fair prospect" of success on appeal, a movant must show that the balance of hardship tips sharply in its favor. In any event, the Court finds that Cordis cannot satisfy either standard.

Cordis argues that it is likely to succeed on appeal for two reasons. First, Plaintiff reiterates the arguments it made previously that the *Quinn* consolidation motion constituted a request for a joint trial. Motion at 7-8. This argument fails for the reasons discussed in the Court's remand order including, most significantly, that Plaintiffs explicitly stated that they sought consolidation for pretrial purposes only. Cordis continues to insist that Plaintiffs never explicitly stated that they sought consolidation for pretrial purposes only. *See* Reply at 5 n.7. This contention is largely based on what can only be characterized as a willful misreading of the language of the petition. Cordis also continues to point to Plaintiffs request for a "bellwether trial process." But despite this Court's discussion in its remand order, Cordis still fails to recognize that unless the parties provide otherwise, a bellwether trial *is* a "pretrial" proceeding for every case other than the bellwether itself, as it functions typically only to provide information that will facilitate settlement, not to bind all subsequent cases. With respect to the Ninth Circuit's statement that "a bellwether trial is not, without more, a joint trial within the meaning of CAFA," *Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1051 (9th Cir. 2015), Cordis argues that what constitutes sufficiently "more" remains unsettled, presenting a "serious legal question." *See Leiva-Perez*, 640 F.3d at 966-68. But no such question is presented by this case. Plaintiffs clearly and explicitly stated that they sought consolidation only for pretrial purposes; whatever "more" might suffice to create an implicit request for a joint trial of other cases was not present in this

3

case.

Second, Cordis argues that it is likely to succeed on appeal because a motion for consolidation pursuant to Cal. Civ. Proc. Code § 1048 – the provision under which the *Quinn* Plaintiffs sought consolidation – is *per se* a request for a joint trial.  *See* Motion at 8-10; Reply at 5.  Cordis never raised this argument in its briefing on the jurisdictional question, and only made a brief reference to it during the hearing.  It thus waived the argument.  In any case, Cordis does not have a "fair prospect" of success with this argument on the merits.  Most significantly, it contravenes the clear text of the statute.  Section 1048 provides:

> When actions involving a common question of law or fact are pending before the court, it may order a **joint hearing or trial of any or all the matters in issue in the actions**; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
> Cal. Civ. Proc. Code § 1048(a) (emphasis added).

The statute explicitly provides for consolidation for the purpose of a "hearing" (as opposed to a "trial") on "any" (as opposed to "all") of the matters at issue.  This plainly authorizes limited consolidation short of a full trial.

Cordis's argument to the contrary relies entirely on a single statement from the California Supreme Court.  In *Hamilton v. Asbestos Corp.*, the court stated that:

> Code of Civil Procedure section 1048, subdivision (a), authorizes the trial court, when appropriate, to "order a joint hearing or trial" or to "order all the actions consolidated." Under the statute and the case law, there are thus two types of consolidation: a consolidation for purposes of trial only, where the two actions remain otherwise separate; and a complete consolidation or consolidation for all purposes, where the two actions are merged into a single proceeding under one case number and result in only one verdict or set of findings and one judgment. *Hamilton v. Asbestos Corp.*, 998 P.2d 403, 415 (Cal. 2000).

In context, it is apparent that the Court's reference to "consolidation for purposes of trial only" refers to the portion of the statute that allows a court to "order a joint hearing or trial."  It was not necessary for the Court to decide whether the statute allows consolidation for *pretrial* purposes, because the parties in that case agreed that consolidation had at least been requested for trial.  This stray comment, which did not focus or used to address the issue presented here, cannot

1    be construed to contravene the clear statutory text.[2]  The Court concludes that Cordis does not

2    raise even a "serious legal question" on this point.

3    B.    <u>Irreparable Harm</u>

4          A movant's "burden with regard to irreparable harm is higher than it is on the likelihood of

5    success prong, as she must show that an irreparable injury is the more probable or likely

6    outcome." *Leiva-Perez*, 640 F.3d at 968.  As the Supreme Court has explained, the "key word in

7    this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and

8    energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 415

9    U.S. 61, 90 (1974).

10         Cordis asserts that it faces irreparable harm only because, if a stay is denied, it may have to

11    spend some amount of time litigating concurrently in both state and federal court.  Motion at 10-

12    11.  This would create the possibility that Cordis would be forced to making filings that would

13    ultimately "have served no purpose," as well as "add[ing] unnecessary expense for both sides."

14    *Id.* at 11.  But this is the sort of mere injury "in terms of money, time and energy necessarily

15    expended" that the Supreme Court has found insufficient to constitute an irreparable harm.  It is

16    true that some district courts have nonetheless found these concerns sufficient to warrant a stay.

17    *See* Reply at 6-7.  But significantly, as Cordis itself notes, "[b]ecause 28 U.S.C. § 1453(c)(2)

18    provides for expedited [appellate] review, any delay would be short lived." Reply at 7.  Courts

19    have accordingly denied stays on the ground that "no irreparable harm will result since review is

20    expedited." *Manier v. Medtech Prod., Inc.*, 29 F. Supp. 3d 1284, 1288 (S.D. Cal. 2014); *see also*

21    *Smith v. Am. Bankers Ins. Co. of Florida*, No. 2:11-CV-02113, 2011 WL 6399526, at *2 (W.D.

22    Ark. Dec. 21, 2011).  Any harm to Cordis would be similarly limited.  This is especially true since

23    there will be no further proceeding in the federal district court.  The only parallel proceeding is

24    briefing of Cordis's appeal to the Ninth Circuit.  Cordis thus cannot meet its burden to show

25    _____

26    [2] Cordis also relies on a statement from a student Note that California law "do[es] not permit
     consolidation [under § 1048(a)] purely for pretrial purposes."  S. Amy Spencer, Note, *Once More*
27    *Into The Breach, Dear Friends: The Case for Congressional Revision of the Mass Action*
     *Provisions in the Class Action Fairness Act of 2005*, 39 Loy. L.A. L. Rev. 1067, 1096 (2006).  But
28    the only source cited in the Note for this statement is the statute itself; as explained above, the text
     of the statute strongly indicates that the opposite is true.

United States District Court
For the Northern District of California

1  irreparable harm in the absence of a stay.  Nor has it shown the balance of hardship tips sharply or

2  otherwise in its favor.  The plaintiffs in this case have already seen their efforts to seek redress for

3  their injuries substantially delayed by Cordis's removal.  Adding further delay would only

4  compound their injuries.

5  C.     Injury to Plaintiffs and Public Interest

6         As noted above, the Supreme Court has explained that the first two factors in the

7  traditional stay test are the most important.  Indeed, a Court need not consider the third and fourth

8  factors unless it concludes that the moving party has made an adequate showing on the first two.

9  *See Nken*, 556 U.S. at 435 ("Once an applicant satisfies the first two factors, the traditional stay

10 inquiry calls for assessing the harm to the opposing party and weighing the public interest.").

11 Because Cordis cannot carry its burden with respect to either of the first two prongs, it is

12 unnecessary for the Court to reach these additional issues.  In any event, Cordis has failed to

13 articulate any real injury to the public in failing to stay the matter.

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

For the foregoing reasons, the Court **DENIES** Cordis's motion for a stay pending appeal[3] in the cases listed below.

| | |
|---|---|
| C-16-3076 | C-16-4012 |
| C-16-3080 | C-16-4409 |
| C-16-3082 | C-16-4608 |
| C-16-3083 | C-16-4819 |
| C-16-3085 | C-16-5055 |
| C-16-3086 | C-16-5199 |
| C-16-3087 | C-16-5455 |
| C-16-3088 | C-16-5934 |

**IT IS SO ORDERED**.

Dated: November 8, 2016

EDWARD M. CHEN
United States District Judge

---

[3] The parties dispute whether the Court, having already remanded these cases, may properly exercise jurisdiction to consider a stay.  But because the Court denies the request on the merits, it is unnecessary to decide this unsettled issue.  The Court therefore assumes, without deciding, that jurisdiction is appropriate for the purpose of this motion.